## FEDERAL PUBLIC DEFENDER
### WESTERN DISTRICT OF TEXAS

**MAUREEN SCOTT FRANCO**
FEDERAL PUBLIC DEFENDER

JUDY F. MADEWELL
FIRST ASSISTANT
——————

CHRISTOPHER J. CARLIN | *ALPINE*
HORATIO R. ALDREDGE | *AUSTIN*
BIANCA ROCHA DEL RIO | *DEL RIO*
REGINALDO TREJO, JR. | *EL PASO*
EDGAR HOLGUIN | *EL PASO*
ANTHONY J. COLTON | *MIDLAND*
KRISTIN M. KIMMELMAN | *SAN ANTONIO*
LEWIS B. GAINOR | *WACO*
SUPERVISORY ASSISTANTS

300 CONVENT STREET
SUITE 2300
SAN ANTONIO, TEXAS 78205-3744

TELEPHONE
(210) 472-6700

TOLL FREE
(855) 867-3570

FACSIMILE
(210) 472-4454
——————

ALPINE
AUSTIN
DEL RIO
EL PASO
MIDLAND
PECOS
WACO

March 19, 2025

DELIVERED VIA E-MAIL

Zachary W. Parsons
U.S. Attorney's Office
601 NW Loop 410, Suite 600
San Antonio, TX 78216

      Re:   *United States v. Felix Rodriguez-Vargas*,
              **Cause No. 24-CR-00573-JKP**

Dear Zachary,

      Pursuant to Federal Rules of Criminal Procedure 12, 16, and 26.2; the Local Rules, the Court's Standing Discovery Order issued July 21, 2023 (Doc. No. 15); *Brady v. Maryland*, 373 U.S. 83 (1963), and all other applicable rules and statutes, I am writing to request discovery (inspect and copy) in the above-mentioned case, and that all potentially discoverable materials be preserved. I look forward to your response, either in writing or through additional discovery, on or before April 30, 2025.

      To the extent any discovery exists that was not already disclosed, Mr. Rodriguez-Vargas requests discovery, including disclosure of all of Mr. Rodriguez-Vargas' and Mr. Edwin Pelayo's written or recorded statements.

      All items within the government's possession, custody, or control that (a) are material to preparing the defense including but not limited to, the guns seized at the

scene, (b) the Government intends to use in its case-in-chief at trial, or (c) were obtained from or belong to Mr. Rodriguez-Vargas; and results of reports of physical or mental examination and of scientific tests or experiments made in connection with the case.

In addition to the general discovery request of the preceding paragraph, Mr. Rodriguez-Vargas specifically requests the following:

1) <u>Evidence Seized.</u> The Defendant requests the opportunity to inspect and to copy or photograph evidence seized as a result of any search, either warrantless or with a warrant. FED. R. CRIM. P. 16(a)(1)(E). Specifically:

   a. The gun seized from Mr. Pelayo's truck and the guns seized from Mr. Vargas-Rodriguez and Mr. Pelayo's person.

   b. All adds and listings on Gun Trader and other gun platforms for the gun which is the subject of this indictment.

   c. All cellphone dumps performed on Mr. Rodriguez-Vargas and Mr. Pelayo's phones.

   d. All MDT records, dispatch records originating from this arrest.

2) <u>Items Material to the Defense and/or Tending to Exculpate the Defendant.</u> The Defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the Defendant on the issue of guilt and/or which affects the credibility of the Government's case. Specifically, the Defendant requests that the Government disclose the following for inspection and copy pursuant to Rule 16(a)(1)(E)(i) and *Brady*.

3) <u>Other Crimes, Wrongs or Acts</u> The Defendant requests any evidence covered by Federal Rule of Evidence 404(b) that the Government intends to offer at trial and notice of the Government's intent to offer such evidence.

4) <u>Request for Preservation of Evidence</u> The Defendant requests that all videotapes, dispatch tapes, or any other physical evidence including investigation reports and notes that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government and which relate to

the arrest or the events leading to the arrest in this case be preserved, including but not limited to:

   a. That the Government, including this Office and agents and agencies involved in this arrest and investigation, preserve the agents' notes and reports related to any investigation of the alleged facts forming the basis of this case. Preservation of rough notes is specifically requested whether or not the Government deems them discoverable at this time. *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988); *United States v. Bufalino*, 576 F.2d 446, 449 (2d Cir. 1978); *see also* 18 U.S.C. § 3550; *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Welch*, 810 F.2d 485, 490 (5th Cir. 1987).

   b. That the Government, including this Office and agents and agencies involved in this arrest and investigation, preserve any audio or video recordings of the alleged incident and any witness interviews, including but not limited to bodycam or dashcam footage.

5) <u>Expert Witnesses</u> Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), the defendant requests disclosure of the identities, qualifications, and testimony of any expert witnesses the government intends to call at trial, including a summary of such witnesses opinions, copies of any summaries or reports made, underlying data the expert relies on, the expert's resume and a list of cases in which he had previously testified. *See United States v. Holland*, 223 F. App'x 891, 894 (11th Cir. 2007).

6) <u>Informants or Cooperating Witnesses</u> The Defendant requests all relevant information concerning any informants or cooperating witnesses involved in this case. At a minimum, the Government is obligated to disclose the identification and location of any informants or cooperating witnesses, as well as the identity and location of any other prospective witnesses unknown to the Defendant. *Roviaro v. United States*, 353 U.S. 53, 61-62 (1957) ("Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.").

7) <u>Names of Witnesses Favorable to the Defendant.</u> The Defendant requests the name of any witness who made an arguably favorable statement concerning the Defendant. *Jackson v. Wainwright*, 390 F.2d 288, 298 (5th Cir. 1968);

*Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), *cert. denied*, 439 U.S. 883 (1978).

8) <u>Impeachment and Credibility of Prospective Government Witnesses.</u> Impeachment as well as exculpatory evidence falls within *Brady*'s definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667, 676 (1985).

   a. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), the Defendant requests all statements and/or promises, express or implied, made to any Government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any Government witnesses.

   b. The Defendant requests any evidence that any prospective Government witness is biased or prejudiced against the Defendant, or has a motive to falsify or distort his or her testimony. *See Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Williams*, 194 F.3d 886, 888 (8th Cir. 1999); *Tejada v. Dugger*, 941 F.2d 1551, 1558 (11th Cir. 1991); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988).

   c. The Defendant requests any evidence that any prospective Government witness has engaged in any criminal act, whether or not resulting in a conviction, including any such witness' use of controlled substances or abuse of alcohol, and whether any witness has made a statement favorable to the Defendant. *See* FED. R. EVID. 608, 609 & 613. Such evidence is discoverable under *Brady*, 373 U.S. at 83. *See Strifler*, 851 F.2d at 1202.

   d. The Defendant requests any evidence that any prospective Government witness is under investigation by federal, state or local authorities for any criminal conduct. *See United States v. Chitty*, 760 F.2d 425, 428 (2d Cir.), *cert. denied*, 474 U.S. 945 (1985).

   e. The Defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective Government witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *See Strifler*, 851 F.2d at 1202; *Chavis v. North Carolina*, 637 F.2d 213, 224-25 (4th Cir. 1980).

    f.  Lastly, the Defendant requests that the Government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the Government, for all testifying witnesses, including testifying officers and agents. The Defendant requests that these files be reviewed by the Government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991). *See United States v. Jennings*, 960 F.2d 1488, 1492 (9th Cir. 1992).

9) <u>Jencks Act Material.</u> The Defendant requests all material to which the Defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2. The Defendant specifically requests pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross-examination.

10) <u>Grand Jury Transcripts.</u> The Defendant requests the transcript and minutes from the grand jury proceedings regarding the Defendant's case and indictment as provided by Federal Rule of Criminal Procedure 16(a)(3).

11) <u>Continuing Disclosure.</u> The Defendant also requests the prompt disclosure of any additional evidence or materials discovered before or during trial that fall within the instant discovery request. FED. R. CRIM. P. 16(c).

Thank you for your cooperation in this matter. Please contact me if you have any questions.

                                      Very truly yours,

                                      MAUREEN SCOTT FRANCO
                                      Federal Public Defender

                                      /S/

                                      MARINA-THAIS DOUENAT
                                      ASSISTANT FEDERAL PUBLIC DEFENDER